UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Billy Ray Smith, | ) | Civil Action No.:  1:15-cv-02724-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Anderson County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Billy Ray Smith, a pretrial detainee proceeding pro se, filed a complaint pursuant to 42

U.S.C. § 1983 against the Anderson County Detention Center alleging he was denied prescription

medications and breathing treatments.  *See* Complaint, ECF No. 1.  The matter is before the Court for

review of the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V.

Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of

South Carolina.[1]  *See* R & R, ECF No. 8.  The Magistrate Judge recommends the Court dismiss

Plaintiff's complaint without prejudice and without issuance of service of process.  R & R at 1, 4.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those

portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in

whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.

---

[1]    The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of pro se litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.  *Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.").

28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 8] of the Magistrate Judge. It is therefore **ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED** *without prejudice and without issuance of service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina                                        s/ R. Bryan Harwell
September 11, 2015                                              R. Bryan Harwell
                                                               United States District Judge

2